IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN W. DOWNING, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SMC CORPORATION OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Cause No. 1:20-cv-1954<br>)<br>)<br>)<br>)<br>) |

## CLASS/COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR TRIAL BY JURY

Plaintiff Karen W. Downing, on behalf of herself and all others similarly situated, complains and alleges as follows:

### I. Jurisdiction

1. This Court has jurisdiction over Plaintiff's federal law claim pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy between Plaintiff and Defendant.

### II. Venue

2. The unlawful practices alleged below arose in Hamilton County, Indiana. Hamilton County is located in the Southern District of Indiana; thus, this cause of action is properly venued in the Southern District of Indiana under 28 U.S.C. § 1391(b), which allows

for an action to be brought in the district where the defendant resides or in which the cause of action arose.

### III. Class/Collective Action

3.  Plaintiff brings claims individually and as part of a collective action, under the FLSA, 29 U.S.C. § 216(b), and as a class action, under Fed.R.Civ.P. 23(b)(3), on behalf of other employees employed by, or formerly employed by, SMC in the Inside Sales Support (ISS)/Claims Department ("ISS/Claims Department). These employees employed in the ISS/Claims Department ("Class Members") have worked or currently work at SMC in Noblesville, Indiana. The collective action claims are for overtime compensation, liquidated damages or interest, and attorneys' fees and costs, under the FLSA, 29 U.S.C. §§ 207, 216(b) and the Indiana Minimum Wage Law of 1965, *Ind. Code* § 22-2-2, *et seq.*("IMWL").

4.  The individual and class action claims are for unpaid wages, statutory penalties, interest, and attorneys' fees and costs, under the Indiana Wage Payment Statute, *Ind. Code* § 22-2-5, *et seq.* or the Indiana Wage Claims Statute, *Ind. Code* § 22-2-9, *et seq.*, as applicable.

### IV. Parties

5.  Plaintiff Karen W. Downing resides in Hamilton County, Indiana, and worked for SMC in the ISS/Claims Department from February, 2017 to September, 2019.[1] During her employment from March, 2018 to September, 2019 in the ISS/Claims Department, SMC failed to pay overtime wages to Ms. Downing. As evidenced by *Exhibit A* attached hereto, Ms. Downing has consented to be a party plaintiff in this action.

---

[1] Ms. Downing previously worked as a Business Analyst at SMC from December, 2007 to February, 2017.

6. Defendant SMC Corporation of America is a for-profit Indiana corporation doing business at 10100 SMC Boulevard, Noblesville, Hamilton County, Indiana 46060, with its North American Headquarters located at 10100 SMC Boulevard, Noblesville, Hamilton County, Indiana 46060.

## V. Factual Background

7. Ms. Downing began working in the ISS/Claims Department in February of 2017.

8. From December, 2007 to February , 2017, Ms. Downing worked as a Business Analyst at SMC from December, 2007.

9. When Ms. Downing transferred to the ISS/Claims Department in February of 2017, Ms. Downing was classified as an Hourly Non-Exempt Employee.

10. On March 26, 2018, SMC changed the payment structure of employees in the ISS/Claims Department from Hourly Non-Exempt to Salary Non-Exempt.

11. On March 29, 2018, an email was sent by Jan Brown, Business System Manager to the ISS Team and Claims Processing Group, listing the new provisions for the change from Hourly Non-Exempt to Salary Non-Exempt.

12. When transitioning from Hourly Non-Exempt to Salary Non-Exempt, SMC provided a one-percent (1%) pay increase to its ISS/Claims Department employees.

13. Ms. Downing was previously making $28.40 per hour as an Hourly Non-Exempt employee in the ISS Claim Department; thus, Ms. Downing's effective hourly rate when she was re-classified as a Salary Non-Exempt employee should have been $28.68 per hour.

14. Although SMC claims that Ms. Downing and the other ISS/Claims Department employees were changed to a Salary Non-Exempt status as of March 26, 2018, Ms. Downing and her colleagues in the ISS/Claims Department were still treated as Hourly Non-Exempt after March 26, 2018.

15. For example, Ms. Downing was required to use PTO hours for any hours she worked under eighty-four (84) hours in any two-week period to receive her full pay (although Ms. Downing's pay records only showed eighty (80) hours).

16. Ms. Downing was also included in the Hourly Short-Term Disability Financial Group (covering 60% of Ms. Downing's salary) rather than the Salary Short-Term Disability Financial Group (covering 80% of an employee's salary).

17. Among the additional changes outlined in the March 29, 2018 email were that employees "are expected to work a 42 hour work week…," and "all Overtime (anything over 42 hours in a week) must be approved by your supervisor."

18. Since the implementation of the alleged Salary Non-Exempt pay structure on March 26, 2018, SMC continually failed to pay Ms. Downing her due and owed wages for all hours she worked.

19. It appears that SMC only paid overtime hours once Ms. Downing reached 42 hours of work in a one (1) week period (although SMC sometimes failed to even pay overtime for hours worked over 42 hours).

## VI. Collective Action Allegations

20. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation, liquidated damages (or, alternatively,

interest) and attorneys' fees under the FLSA and pursuant to *Ind. Code* § 22-2-2-9 as to claims for overtime compensation, liquidated damages and attorneys' fees under the IMWL.

21. In addition to Plaintiff, numerous current and former employees are similarly situated to Plaintiff with regard to their wages and claims for unpaid wages and damages, in that they have been denied proper overtime compensation prior to the filing of this complaint.

22. Plaintiff is a representative of those other current and former employees and are acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

23. These similarly situated employees are known to Defendant and are readily identifiable, and may be located through Defendant's records.

24. These similarly situated employees may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b) and *Ind. Code* § 22-2-2-9 for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees under the FLSA and the IMWL.

### VII. Class Action Allegations

25. Plaintiff has brought this action as a representative of a class defined as all employees employed by, or formerly employed by, SMC in the ISS/Claims Department during the applicable statute of limitations.

26. Under Rule 23(a) of the Federal Rules of Civil Procedure, Plaintiff contends:

   a. That the class is so numerous that joinder of all members is impractical;
   b. That there are questions of law and/or fact common to the class;

5

  c. That the claims or defenses of the representative parties are typical of the claims and defenses of the class;

  d. That the representative parties will fairly and adequately protect the interests of the class.

27. It is estimated that the class will be composed of 45 or more employees.

28. Under Rule 23(b) of the Federal Rules of Civil Procedure, Plaintiff contends:

  a. The prosecution of separate actions by individual members of the class would create a risk of varying or inconsistent adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Defendant.

  b. The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter substantially impair or impede their ability to protect their interests.

  c. Defendant has refused to act on grounds generally applicable to the class.

  d. Questions of law and/or fact common to the Plaintiff predominate over any questions affecting only individual members.

  e. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## VIII. Individual and Collective Action Claims

### Count I
### *Denial of Overtime Compensation*
### *[FLSA, 29 U.S.C. §§ 207, 211(c), 216(b)]*
### *[IMWL, Ind. Code. §§ 22-2-2-4, 22-2-2-8, 22-2-2-9]*

29. Plaintiff hereby incorporates by reference Paragraphs 1 through 28 above as if fully set forth herein.

30. Under the FLSA, 29 U.S.C. § 207, and the IMWL, *Ind. Code* § 22-2-2-4(j), Defendants were and are obligated to compensate Plaintiff and similarly situated employees for all hours worked in excess of 40 hours in a work week. Overtime compensation must be paid at a rate not less than one and one-half times the regular rate of pay.

31. During the liability period, Plaintiff and similarly situated employees were regularly permitted, encouraged and/or required to work in excess of forty (40) hours per week, but were not paid for such overtime work.

32. By failing to pay overtime compensation due to Plaintiff and similarly situated employees, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA and the IMWL, which require overtime compensation to non-exempt employees.

33. As a result of Defendant's policy and practice of withholding overtime compensation, Plaintiffs and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA and the IMWL.

34. Defendant has made it difficult to account with precision for the unpaid overtime worked by its employees as it altered and/or did not preserve the hours worked by such employees as required for non-exempt employees by 29 U.S.C. § 211(c) and *Ind. Code* § 22-2-2-8.

35. Defendant's alteration and/or failure to retain records of hours worked by its employees was willful and deliberate, and designed to serve their policy of unlawfully denying overtime compensation to their employees.

36. As a result of the unlawful acts of Defendant, Plaintiff and all similarly situated employees have been deprived of overtime compensation in the amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages (or, alternatively, interest), attorneys' fees and costs, and other compensation, pursuant to 29 U.S.C. § 216(b) and *Ind. Code* § 22-2-2-9.

37. Plaintiff and other persons employed or formerly employed by Defendant in the ISS/Claims Department who may opt into this collective action pursuant to 29 U.S.C. § 216(b) and *Ind. Code* § 22-2-2-9 request relief as described below in the prayer for relief.

### IX. Individual and Class Action Claims

### Count II
### *Unlawful Failure to Pay Compensation*
### *[Indiana Wage Payment Statute, Ind. Code. §§ 22-2-5-1, 22-2-5-2]*

38. Plaintiff hereby incorporates by reference Paragraphs 1 through 37 above as if fully set forth herein.

39. Plaintiff and other similarly situated employees voluntarily quit or are currently employed by Defendant.

40. Defendant owes Plaintiff and all similarly situated employees for overtime compensation for all hours worked in excess of 40 hours in a work week, which they earned and were part of their wages.

41. Defendant has not paid Plaintiff and all similarly situated employees their due and owing wages.

42. Defendant is in violation of *Ind. Code § 22-2-5-1* as they have failed to pay Plaintiff and all similarly situated employees their wages due on their next and usual payday following termination, and Plaintiff and all similarly situated employees are entitled to their wages due, double the amount of wages due, and reasonable attorneys' fees and costs as required by *Ind. Code § 22-2-5-2*.

## X. Prayer For Relief

WHEREFORE, Plaintiff Karen W. Downing prays for a judgment in her favor against Defendant SMC Corporation of America and for the following relief:

a. Authorization to issue notice pursuant to 29 U.S.C. § 216(b) and *Ind. Code § 22-2-2-9* at the earliest possible time to all current and former ISS/Claims Department employees employed by Defendant during the two (2) years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit if they worked hours in excess of forty (40) hours in a week during the past two (2) years or more, but were not paid overtime or minimum wages as required by the FLSA and the IMWL;

b. A declaratory judgment that Defendant has violated the overtime and minimum wage provisions of the FLSA and the IMWL as to the Plaintiff and all similarly situated person who opt into this action;

c. A declaratory judgment that Defendant's violations of the FLSA were willful;

d. An award to Plaintiff and all similarly situated persons who opt into this action of damages in the amount of unpaid overtime compensation and minimum wages to be proven at trial;

e. An award to Plaintiff and other similarly situated persons who opt into this action of liquidated damages in an amount equal to the overtime compensation and minimum wages shown to be owed to them pursuant to 29 U.S.C. § 216(b) and *Ind. Code* § 22-2-2-4;

f. Certification of the claims under the Indiana Wage Claims Statute, the Indiana Wage Payment Statute and the Indiana Wage Deduction Statute, pursuant to Fed.R.Civ.P. 23(b)(3), on behalf of the proposed class;

g. Class notice, pursuant to Fed.R.Civ.P. 23(c)(2), to all employees in the SMC ISS/Claims Department who worked for or currently work for Defendant during the liability period;

h. An award to Plaintiff and other similarly situated persons for the appropriate wages which have been earned, owing and due with pre-judgment and post-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

i. An award to Plaintiff and all similarly situated employees for double the amount of wages due for Defendant's violation of Indiana Code §§ 22-2-9-2 and 22-2-5-2 as described above;

j. An award to Plaintiff and all similarly situated employees of the cost of this action including reasonable attorneys' fees and any such further relief as the Court may deem just, proper and equitable pursuant to Indiana Code §§ 22-2-9-2, and 22-2-5-2.

k. A grant of such further relief as the Court deems necessary and proper in the public interest.

## XI. Reservation Of Rights

Pursuant to the rules of pleading and practice, Plaintiff reserves the right to assert additional violations of state and federal law.

## XII. Jury Trial

Plaintiffs demand trial by jury on all issues so triable.

                                        *s/Jamie A. Maddox*
                                        Sandra L. Blevins
                                        Jamie A. Maddox

                                        Attorneys for Plaintiff and All Similarly Situated Employees of Defendants

BETZ + BLEVINS
One Indiana Square
Suite 1660
Indianapolis, Indiana 46204
Office: (317) 687-2222
Fax: (317) 687-2221
E-mail: litigation@betzadvocates.com