UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN W DOWNING Individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:20-cv-01954-JPH-DLP ) |
| SMC CORPORATION OF AMERICA, | ) ) |
| Defendant. | ) |

**ORDER**

Karen Downing worked for Defendant, SMC Corporation of America, for over ten years. She has filed a complaint alleging that SMC failed to pay overtime to her and similarly situated employees from March 2018 through November 2019. Dkt. 1.

Ms. Downing has moved for leave to serve notice on potential party plaintiffs under the Fair Labor Standards Act ("FLSA") and for approval of her proposed collective-action notice and opt-in consent form. Dkt. [48]. For the reasons below, the Court **GRANTS** Ms. Downing's motion for leave to serve notice on potential party plaintiffs and **GRANTS** as amended her proposed collective action notice and opt-in consent form.

**I.
Facts and Background**

Ms. Downing started working for SMC in December 2007. Dkt. 1 at 3 (¶ 8); dkt. 15 at 3. During her last few years of employment with SMC, Ms.

1

Downing worked in the Inside Sales Support and Claims Department (the "Department"). Dkt. 1 at 2 (¶¶ 3, 5); dkt. 15 at 3–4.

When Ms. Downing started in the Department in February 2017, she was classified as an "Hourly, Non-Exempt Employee." Dkt. 1 at 3 (¶ 9); dkt. 15 at 4. However, SMC changed the payment structure for the Department to "Salary Non-Exempt" on March 26, 2018. Dkt. 1 at 3 (¶ 10); dkt. 15 at 4. Three days later—on March 29—SMC's Business System Manager for the Department emailed the "Inside Support Team" and "Claims Processing Group" about that change. *See* dkt. 51-1 at 2–3; dkt. 1 at 3 (¶ 11); dkt. 15 at 4; dkt. 51 at 2 (¶ 6). That email also noted, however, that employees were "expected to work a 42 hour work week" and that "all Overtime (anything over 42 hours in a week)" needed supervisor approval. Dkt. 51-1 at 2–3; dkt. 1 at 4 (¶ 17); dkt. 15 at 6.

Ms. Downing alleges that SMC did not treat Department employees as salary non-exempt after this announcement. Dkt. 1 at 4 (¶ 14). For example, to receive her full pay for a two-week period, Ms. Downing was required to work 84 hours or use paid time off to reach that hour requirement. *Id.* (¶ 15). Ms. Downing thus alleges that she was not paid the overtime wages that she earned for hours worked over 40 hours per week. *Id.* at 4, 7 (¶¶ 19, 30–31). Ms. Downing brought this suit on July 24, 2020 on behalf of herself and similarly situated individuals, asserting claims under the FLSA and the Indiana Wage Payment Statute ("IWPS"). *See* dkt. 1 at 7–9.

SMC has provided Ms. Downing with a list of individuals who are or were employees in the Department during the three years before the filing of her suit. Dkt. 48 at 1 (¶ 2). Because she believes that these employees also did not receive all overtime pay from SMC during the relevant time period, Ms. Downing has moved for leave to serve notice on them as potential party plaintiffs and for approval of her proposed collective-action notice and opt-in consent form. *See id.* (¶ 3); dkt. 48-1 ("Notice of Pendency of FLSA Lawsuit"); dkt. 48-2 ("Consent to Representation"). Her Notice frames the collective-action class as: "All employees employed by, or formerly employed by, SMC Corporation of America in the Inside Sales Support (ISS)/Claims Department . . . who worked more than forty (40) hours during a work week" from March 2018 through November 2019. Dkt. 48-1 at 1.

## II.
## Applicable Law

"The Fair Labor Standards Act gives employees the right to bring their FLSA claims through a 'collective action' on behalf of themselves and other 'similarly situated' employees." *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010) (quoting 29 U.S.C. § 216(b)). Specifically, under 29 U.S.C. § 216(b), employees may "act together to seek redress for violations of the statute's minimum wage and maximum hour provisions." *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 705 n.4 (7th Cir. 2020) (citation omitted).

District courts have "wide discretion to manage [FLSA] collective actions," *Alvarez*, 605 F.3d at 449, and "commonly apply a two-stage test to determine

whether an FLSA claim may proceed as a collective action," *Cobb v. Anthem Inc.*, No. 1:20-CV-00820-SEB-DLP, 2020 WL 4351349, at *3 (S.D. Ind. July 27, 2020). "At the first stage, the court evaluates conditional classification by determining whether there are potential opt-in plaintiffs who may be similarly situated to the named plaintiffs." *Beeson v. C-Cat, Inc.*, No. 1:20-CV-00252-JPH-MPB, 2020 WL 7425339, at *2 (S.D. Ind. Dec. 18, 2020). "To demonstrate that potential opt-in plaintiffs are similarly situated at this stage, the named plaintiffs must make a modest factual showing sufficient to demonstrate that they and the potential opt-in plaintiffs were victims of a common policy or plan that violated the FLSA." *Cobb*, 2020 WL 4351349, at *3 (citation omitted). "Upon finding that the named plaintiff has made this showing, the court may authorize notice be given to similarly situated employees so that they can make informed decisions about whether to participate." *Beeson*, 2020 WL 7425339, at *2 (citation omitted); *see Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013) ("The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court.").

### III.
### Analysis

**A. Conditional Certification**

Ms. Downing claims that she and certain current and past employees in SMC's Inside Sales Support (ISS)/Claims Department are similarly situated because they all worked under SMC's policy that required them to work more

4

than forty hours per week from March 2018 through November 2019 without proper overtime pay. *See* dkt. 48; dkt. 51-1. SMC argues that Ms. Downing has not presented "any evidence to the Court—through an affidavit, declaration, or other support—to allow the Court to make any initial determination as to her contention that other employees were similarly situated to her." Dkt. 49 at 3.

Conditional certification requires the named plaintiff to only "make a modest factual showing sufficient to demonstrate that they and the potential opt-in plaintiffs were victims of a common policy or plan that violated the FLSA." *Cobb*, 2020 WL 4351349, at *3 (citation omitted). "The modest factual showing is a lenient burden of proof and is often based only upon the pleadings and any affidavits submitted by the parties." *Kruger v. Arrow Container, LLC*, No. 1:19-CV-1402-JRS-MJD, 2019 WL 6468334, at *1 (S.D. Ind. Dec. 2, 2019) (citation omitted). "At this conditional certification stage, courts accept as true the plaintiff's allegations and do not reach the merits of the FLSA claim." *Id.*

Ms. Downing has designated an email sent on March 29, 2018 from SMC's Business System Manager to the "Inside Support Team" and "Claims Processing Group" about a reclassification of employees from "Hourly Non-Exempt" to "Salary Non-Exempt." *See* dkt. 51-1 at 2–3; dkt. 1 at 3 (¶ 11); dkt. 15 at 4; dkt. 51 at 2 (¶ 6). That email noted that employees were "expected to work a 42 hour work week" and that "all Overtime (anything over 42 hours in a week)" needed supervisor approval. Dkt. 51-1 at 2–3; dkt. 1 at 4 (¶ 17); dkt. 15 at 6. This email's content forms the basis of Ms. Downing's FLSA and IWPS

claims. *See* dkt. 1. And at this stage, it suffices as the necessary "modest factual showing" that Ms. Downing and the other Department employees were similarly situated as "victims of a common policy or plan that violated the FLSA." *See Cobb*, 2020 WL 4351349, at *3 (citation omitted). As a result, the Court **conditionally certifies** the FLSA collective-action class described in Ms. Downing's motion and attached documents.

### B. Form, Manner, and Timing of Notice

"If the court grants conditional certification of a collective action, the court has discretion to authorize notice to similarly situated employees" and "to prescribe the form, manner, and timing of notice." *Cobb*, 2020 WL 4351349, at *3 (citations omitted). SMC argues that a sentence in the "Description of Litigation" section of Ms. Downing's proposed notice is a legal conclusion and thus should be modified to make clear that the sentence is an allegation, not a fact. *See* dkt. 49 at 3. The challenged sentence states: "SMC violated the Fair Labor Standards Act and Indiana Wage Payment Statute when it failed to pay overtime wages to Ms. Downing as well as other individuals similarly situated in the ISS/Claims Department." *Id.* (quoting dkt. 48-1 at 1). Ms. Downing contends that the Notice should be sent as filed. *See* dkt. 51 at 4.

The Court finds SMC's modification appropriate. The disputed sentence in the Notice shall therefore be modified to state: "The complaint alleges that SMC violated the Fair Labor Standards Act and Indiana Wage Payment statute by failing to pay overtime wages to Ms. Downing and other similarly situated individuals in the ISS/Claims Department."

6

The Court otherwise finds the proposed description of the FLSA collective-action class and notice as modified appropriate to facilitate putative members' receipt of "accurate and timely notice concerning the pendency of the collective action, so they can make informed decisions about whether to participate." *Cobb*, 2020 WL 4351349, at *3 (citations omitted).

**IT IS THEREFORE ORDERED that:**

1. This matter is conditionally certified under 29 U.S.C. § 216(b) as an FLSA collective action for the following collective class: All employees employed by, or formerly employed by, SMC Corporation of America in the Inside Sales Support (ISS)/Claims Department who worked more than forty (40) hours during a work week from March 2018 through November 2019.

2. Plaintiff is authorized to send the "Notice of Pendency of FLSA Lawsuit" form, dkt. 48-1, as modified by this order to the collective class described in paragraph 1.

3. Plaintiff is also authorized to send the "Consent to Representation" form, dkt. 48-2.

## IV.
## Conclusion

For the reasons above, the Court **GRANTS** Ms. Downing's motion to conditionally certify her collective FLSA action and **GRANTS** as modified Ms. Downing's request for approval of the proposed collective action notice and opt-in consent form. Dkt. [48].

**SO ORDERED.**

Date: 7/9/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Sandra L. Blevins
BETZ & ASSOCIATES
sblevins@betzadvocates.com

Chad Harrison Holler
BETZ & BLEVINS
choller@betzadvocates.com

Jamie A. Maddox
BETZ & ASSOCIATES
jmaddox@betzadvocates.com

David L. Swider
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
dswider@boselaw.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
pzimmerly@boselaw.com