UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN W DOWNING Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SMC CORPORATION OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) No. 1:20-cv-01954-JPH-MJD |

**ORDER OVERRULING OBJECTION**

After taking several depositions of SMC employees, Karen Downing filed a motion to compel the deposition of Christine Castille, SMC's Human Resources Manager. Dkt. 94. The Magistrate Judge denied that motion and sanctioned Ms. Downing under Federal Rule of Civil Procedure 37, finding that the motion was not "substantially justified." Dkt. 138 at 11–13. Ms. Downing objected to the sanctions award. Dkt. [143]. For the reasons below, that objection is **OVERRULED**.

**I.
Facts and Background**

Ms. Downing brought this action in July 2020, alleging that SMC violated federal and state law by failing to pay her and other employees for overtime work. Dkt. 1. Ms. Downing deposed five SMC employees during the week of February 21, 2022, shortly before the February 25 deposition deadline. Dkt. 143 at 5. Then, on February 25, Ms. Downing filed a motion to compel the deposition of Christine Castille, arguing that the other depositions had

1

shown that she "was aware of and integrally involved in" the pay-classification decisions underlying Ms. Downing's claims. Dkt. 94.

The Magistrate Judge denied Ms. Downing's motion to compel because Ms. Downing did not follow Local Rule 37-1's requirement to first request a discovery conference or show that Ms. Castille's deposition would reveal relevant information. *Id.* at 10–11. The Magistrate Judge then held that SMC was entitled to "reasonable expenses incurred in opposing the motion, including attorney's fees," as a sanction under Federal Rule of Civil Procedure 37 because Ms. Downing's motion was not "substantially justified." *Id.* at 11–13.

Ms. Downing objected to only the sanctions award under Federal Rule of Civil Procedure 72(a). Dkt. 143.

## II.
## Applicable Law

Federal Rule of Civil Procedure 72(a) allows objections to a magistrate judge's ruling on "a pretrial matter not dispositive of a party's claim or defense." *See also* 28 U.S.C. 636(b). The district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Clear error is an extremely deferential standard of review" that will be found only when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006).

2

## III.
## Analysis

A party whose motion to compel is denied must generally "pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B); *Rickels v. City of South Bend*, 33 F.3d 785, 786 (7th Cir. 1994) ("The great operative principle . . . is that the loser pays."). "But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). A motion to compel is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person." *United States v. Pecore*, 664 F.3d 1125, 1137 (7th Cir. 2011) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Here, the Magistrate Judge held that Ms. Downing's motion to compel was not substantially justified because she did not follow Local Rule 37-1's requirement to request a discovery conference and did not show that Ms. Castille's deposition was relevant. Dkt. 138 at 10–11, 13. Ms. Downing argues that the Magistrate Judge clearly erred in that holding because there was not time to meet and confer with opposing counsel or to notify the court before discovery closed. Dkt. 143 at 9–10; dkt. 149 at 6. Ms. Downing also contends that she could not have learned about Ms. Castille's "extensive involvement" sooner because SMC "manipulated discovery" to delay the depositions of its other employees. Dkt. 143 at 13. SMC responds that the Magistrate Judge was within her discretion to find that Ms. Downing's discovery violations were not substantially justified. Dkt. 144 at 3.

3

Ms. Downing violated Local Rule 37-1's requirement that counsel contact the assigned magistrate judge to determine if a discovery dispute can be resolved "prior to counsel filing a formal discovery motion." S.D. Ind. L.R. 37-1(a); *see* dkt. 138 at 10. While Ms. Downing was up against the deposition deadline, filing an unauthorized motion to compel was not her only option. As the Magistrate Judge explained, Ms. Downing could have moved for leave to depose Ms. Castille after the deposition deadline, explaining what she learned in other depositions. Dkt. 138 at 10. Or she could have contacted the Magistrate Judge's chambers that day to attempt an informal resolution. *Id.* Those options would not have triggered Rule 37's sanctions provisions for filing a motion to compel that was not substantially justified.

Ms. Downing instead brought herself under those sanctions provisions by filing a motion to compel in violation of Local Rule 37-1. Ms. Downing does not contest that she filed the motion to compel before contacting the Magistrate Judge's chambers as required by Local Rule 37-1. *See* dkt. 143 at 5. Therefore, the Magistrate Judge did not clearly err in finding that the motion to compel was not substantially justified. *See Pinkston*, 440 F.3d at 889; *Edgewood Manor Apt. Homes v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013) ("[T]he district court has broad discretion to require strict compliance with the local rules."). Similarly, that Ms. Downing only learned of Ms. Castille's role from other depositions taken right before the discovery deadline doesn't justify bypassing the Local Rules. *See e.g., Slabaugh v. LG Electronics USA, Inc.*, No. 1:12-cv-1020-RLY-MJD, 2014 WL 6543557 at *2 (S.D. Ind. Nov.

4

17, 2014) (finding a motion to compel "utterly unjustified" because it violated Local Rule 37-1); *Tecnomatic S.p.A. v. Remy, Inc.*, No. 1:11-cv-991-SEB-MJD, 2013 WL 6665531 at *1–2 (S.D. Ind. Dec. 17, 2013).  As discussed above, Ms. Downing could have properly raised the issues related to taking Ms. Castille's deposition after the discovery deadline in other ways.  Instead, she opted to file a motion to compel in clear violation of Local Rule 37-1.  The Magistrate Judge's finding that the motion to compel was not substantially justified was within her "extremely broad discretion," so she did not clearly err.  *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013).

## IV.
## Conclusion

Ms. Downing's appeal of the Magistrate Judge's order awarding attorney fees as a sanction, dkt. 138, is **OVERRULED**.  Dkt. [143].

**SO ORDERED.**

Date: 1/5/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

5