UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN W DOWNING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-01954-JPH-MKK |
| | ) |
| SMC CORPORATION OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

<u>**ORDER**</u>

This matter comes before the Court on Defendant's Motion for Attorney Fees, Dkt. [139], and Defendant's Motion to Supplement Request for Attorney Fees, Dkt. [161]. For the reasons set forth below, the Motions are hereby **GRANTED IN PART** and **DENIED IN PART**.

**I.   BACKGROUND**

On July 24, 2020, Plaintiff Karen Downing ("Ms. Downing"), individually and on behalf of all others similarly situated, initiated this action against SMC Corporation of America ("SMC" or "Defendant") alleging that SMC violated the Fair Labor Standards Act and the Indiana Minimum Wage Law by failing to pay overtime compensation. (Dkt. 1). Ms. Downing was employed in SMC's ISS/Claims Department ("Department") from February 2017 to September 2019. (*Id*. at 2). On March 26, 2018, SMC changed the payment structure for Ms. Downing and her colleagues in the ISS/Claims Department from hourly, non-exempt to salary, non-exempt. (*Id*. at 3-4).

1

This resulted in these employees allegedly not being paid for all hours worked. (*Id*. at 4-5).

During the discovery process, the parties had various disputes as to email communications related to Plaintiff's compensation and employment – specifically, Plaintiff was interested in the email account of Ms. Christine Castille. Without the Court's permission, on February 25, 2022, Plaintiff filed a Motion to Compel Deposition of Christine Castille and Production of Christine Castille's Email Communications. (Dkt. 94). Defendant filed a response on March 11, 2022, and the Plaintiff filed a reply on March 18, 2022. (Dkts. 103, 104).

On July 11, 2022, the Court denied Plaintiff's request to compel the production of Ms. Castille's email account and the request to compel Ms. Castille's deposition. (Dkt. 138). The Court concluded that Plaintiff's motion to compel was not substantially justified and, therefore, sanctions were warranted. (*Id*. at 13). The Court gave Defendant 14 days to file any motion for fees related to the motion to compel. (*Id*.). Defendant timely filed the present Motion for Attorney Fees on July 25, 2022. (Dkt. 139). That same day, Plaintiff filed an objection to the Court's order denying her Motion to Compel. (Dkt. 143). Given that Plaintiff's objection would require further briefing and resolution by the District Judge, Plaintiff's deadline to respond to the Motion for Attorney Fees was extended until 14 days after the Court resolved the objection. (Dkt. 148). The Court overruled Plaintiff's objection on January 5, 2023.[1] (Dkt. 158).

---

[1] The Court's ruling was signed on January 5, 2023, but not docketed or served on the parties until January 6, 2023. (Dkt. 158).

On January 12, 2023, Defendant filed a Supplemental Request for Attorney Fees that requested fees for the time spent related to the motion to compel and also for the time spent in responding to Plaintiff's unsuccessful Objection to the Court's Order denying the motion to compel. (Dkt. 161). On February 23, 2023, Plaintiff filed a combined response to both of the Defendant's pending Motions for Fees. (Dkt. 175). Defendant filed a reply brief on March 2, 2023. (Dkt. 177). At the Court's request, Plaintiff filed a surreply on March 6, 2023. (Dkt. 180).

## II.   LEGAL STANDARD

The starting point for a court's evaluation of any fee petition – including for an award of sanctions – "is a lodestar analysis; that is, a computation of the reasonable hours expended multiplied by a reasonable hourly rate." *Houston v. C.G. Sec. Servs., Inc.*, 820 F.3d 855, 859 (7th Cir. 2016) (quoting *Divane v. Krull Elec. Co.*, 319 F.3d 307, 317-18 (7th Cir. 2003)); *see also Gray v. U.S. Steel Corp.*, 284 F.R.D. 393, 397 (N.D. Ind. 2012) (applying the lodestar analysis when determining an award of sanctions for discovery violations). The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). But "[o]nce a petitioning party provides evidence of the proposed fees' reasonableness, the burden shifts to the other party to demonstrate the award's unreasonableness." *Vega v. Chicago Park Dist.*, 12 F.4th 696, 703 (7th Cir. 2021) (quoting *Wachovia Secs., LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 759 (7th Cir. 2012)). A party opposing a fee petition must state any objections "with particularity and clarity" in order to give the petitioner the

opportunity to defend against any challenges. *Hutchison v. Amateur Elec. Supply, Inc.*, 42 F.3d 1037, 1048 (7th Cir. 1994) (quoting *Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc.*, 776 F.2d 646, 664 (7th Cir. 1985)). And the district court has an obligation to "exclude from this initial fee calculation hours that were not 'reasonably expended'" on the litigation, including those that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

### III. DISCUSSION

In its initial motion, Defendant requested that the Court order Plaintiff to pay $8,758.00 in fees for having to defend against Plaintiff's Motion to Compel and to file the Motion for Fees. (Dkt. 140 at 3-4). In its supplement, Defendant requests an additional $3,768.00 for the time required to defend against Plaintiff's unsuccessful objection, for a total of $12,526.00 in attorney fees. (Dkt. 161 at 2-3).

As a preliminary matter, Defendant maintains in its reply brief that Plaintiff failed to respond to its initial motion for fees and only responded to the supplemental motion for fees, thus making any of Plaintiff's arguments related to the initial motion untimely and appropriately deemed waived. (Dkt. 177 at 1-2). The Court ordered Plaintiff to file a surreply addressing only this limited issue of timeliness and Plaintiff filed that surreply on March 6, 2023. (Dkt. 180). Plaintiff argues that Defendant's supplement was not, in fact, a supplement, but rather "a new, replacement motion" that incorporated all requested fees from the initial motion and included additional fees. (*Id.* at 2). Therefore, Plaintiff asserts, her deadline to respond was extended by the filing of that supplemental motion. The Court agrees.

Although Defendant's second motion was titled "supplemental," it was in effect a new motion that requested a new total of attorney fees. *See Brickstructures, Inc. v. Coaster Dynamix, Inc.*, 952 F.3d 887, 890 (7th Cir. 2020) ("But it is the substance of a motion that counts, not its label."). Accordingly, the Court deems Plaintiff's response timely and will consider all arguments therein. The Court will now assess whether Defendant requests a reasonable fee.

A. **Hourly Rate**

In calculating the lodestar amount, the Court must multiply the hours reasonably expended on the litigation by a reasonable hourly attorney's rate. Defendant's counsel, David Swider, asserts that his actual hourly rate in this matter for 2022 was $500, co-counsel Philip Zimmerly's actual hourly rate was $380, while the actual hourly rates of paralegals Kathleen Schuster and Abbi Cordray were $240 and $210, respectively. (Dkt. 140-1 at 2). Mr. Swider further asserts that said rates are reasonable. (*Id.* at 3). In the supplemental brief and affidavit, Mr. Swider asserts that those actual hourly rates (which he maintains are reasonable) increased in 2023 as follows: Mr. Swider – $525, Mr. Zimmerly – $415, Ms. Schuster (prior to retirement) – $240, and Ms. Cordray – $225. (Dkt. 161-1 at 2-3). Plaintiff does not challenge the hourly rates sought by Defendant, (*see* Dkt. 175), and, thus, does not provide "good reason" for reducing the requested rates, *see People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1313 (7th Cir. 1996) ("A defendant's failure to [rebut the asserted rate] is essentially a concession that the attorney's billing rate is reasonable and should be awarded."); *Gusman v. Unisys*

5

*Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993) ("[T]he best measure of the cost of an attorney's time is what that attorney could earn from paying clients. For a busy attorney, that is the standard hourly rate.").

Thus, the Court will approve David Swider's billing rates of $500 and $525, Philip Zimmerly's billing rates of $380 and $415, Kathleen Schuster's billing rate of $240, and Abbi Cordray's billing rates of $210 and $225.

### B.   Hours Expended

Counsel is expected to exercise "billing judgment." *Hensley*, 461 U.S. at 434. When calculating a fee award, the Court should exclude hours that were not "reasonably expended," including "excessive, redundant, or otherwise unnecessary" work. *Id*. Any time entries that are vague or insufficiently documented may be removed. *Harper v. City of Chicago Heights,* 223 F.3d 593, 605 (7th Cir. 2000). "The relevant inquiry is thus whether the time entries are sufficiently detailed to permit the Court to determine whether the hours expended were reasonable and necessary to the conduct of the litigation." *Valerio v. Total Taxi Repair & Body Shop, LLC*, 82 F. Supp. 3d 723, 743 (N.D. Ill. 2015) (internal quotation marks and citation omitted).

Plaintiff challenges three categories of time entries: (a) excessive conferring and/or reviewing; (b) clerical and non-legal tasks; and (c) unrelated tasks. The Court will address each in turn.

#### i.   Excessive Conferring and/or Reviewing

First, Plaintiff challenges entries where multiple attorneys and/or a paralegal conferred regarding or reviewed the same document, and all of those individuals

6

billed for that conferral or reviewing time. (Dkt. 175 at 2-3). Specifically, Plaintiff points to the entries from February 25, 2022 (reviewing Plaintiff's Motion to Compel); March 11, 2022 (reviewing and revising response to Motion to Compel); July 12, 2022 (reviewing Court's order on Plaintiff's Motion to Compel); July 21, 2022 (reviewing and revising Defendant's motion for fees); July 25-26, 2022 (reviewing Plaintiff's objection to Court's order); August 4, 2022 (reviewing and revising response to Plaintiff's objection); August 5 and 8, 2022 (reviewing Plaintiff's motion for extension of time); and January 6, 2023 (reviewing Court's order on Plaintiff's objection). Plaintiff essentially argues that because two or more individuals conferred or reviewed the same document, those hours are *ipso facto* duplicative and should be disallowed. (*Id.*). In response, Defendant makes no attempt to defend these entries, but instead urges the Court to apply the same billing scrutiny to Defendant's request here as it would for any eventual petition for fees filed by Plaintiff. (Dkt. 177 at 2-3).

    Neither party presents specific arguments with "particularity and clarity" either in objection to or in defense of these allegedly duplicative entries. Using the Court's wide discretion, the duplicative entries that involve a paralegal conferring regarding or reviewing a document that has already been reviewed by one or more attorneys shall be disallowed. These entries will be discussed in greater detail in the next section. The entries where both Mr. Zimmerly and Mr. Swider review or draft a particular document shall remain as entered. *See Tchemkou v. Mukasey*, 517 F.3d 506, 511-512 (7th Cir. 2008) (multiple lawyers performing the same task does not

7

necessarily require that the hours must be deducted and, instead, the inquiry focuses on whether the time was "reasonably expended").

        ii.        Clerical and Non-Legal Tasks

Next, Plaintiff argues that various paralegal entries should be excluded because they were performing "clerical and non-legal tasks." (Dkt. 175 at 4). Generally, attorney or paralegal time should not be charged for administrative tasks. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999). Courts in the Seventh Circuit have identified a variety of tasks as being administrative in nature, including organizing file folders, document preparation, copying or faxing documents, scheduling matters, and mailing letters. *See, e.g., id.* (approving of district court's denial of entry for updating an attorney's "case list" and calendar as well as its decision to reduce paralegal's fees by half for time spent "organizing file folders, document preparation, and copying documents"); *Pace v. Pottawattomie Country Club Inc.*, No. 3:07-cv-347-RM, 2009 WL 4843403, at *13 (N.D. Ind. Dec. 11, 2009) (excluding the following clerical tasks from fee award: "sending pleadings to client; review of appearances, summons, waiver of service and other similar documents; payment to EEOC; drafting cover sheets; and filing documents with the court"). Additionally, time spent inputting entries into a billing summary or ensuring that the entries are accurate is not compensable because that is clerical work in furtherance of the party's fee petition. *See Valerio*, 82 F. Supp. 3d at 745.

The Court agrees that the following entries solely contain time spent calendaring or discussing calendar deadlines; conferring with attorneys; organizing;

8

inputting or reviewing billing entries; or preparing or filing documents. Accordingly, these entries are disallowed and will not be included in the attorney fee calculation.

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 2/28/22 | Schuster | Conference with P. Zimmerly regarding telephone hearing and briefing on plaintiff's motion to compel | 0.20 |
| 7/25/22 | Cordray | Email to P. Zimmerly regarding time spent on motion for fees and revisions needed to drafts; update drafts to include time spent drafting motion for fees and supporting documents; update time detail spreadsheet and calculations; insert ECF hyperlinks; email to P. Zimmerly for final review | 0.60 |
| 7/26/22 | Cordray | Attention to plaintiff's appeal to district court of magistrate judge's order on motion to compel; email to D. Swider and P. Zimmerly regarding potential response to same | 0.10 |
| 7/28/22 | Cordray | Calendar deadline to respond to plaintiff's objection to magistrate judge's order; calendar plaintiff's reply deadline | 0.10 |
| 7/28/22 | Zimmerly | Correspond with D. Swider and A. Cordray regarding response deadline to objections filed by plaintiff to order on motion to compel | 0.10 |
| 8/5/22 | Cordray | Insert ECF hyperlinks in draft Response in opposition to plaintiff's objections to magistrate order; finalize and file same | 0.20 |
| 8/9/22 | Cordray | Receive order granting plaintiff an extension of time to file reply in support of objection to magistrate order; update calendar accordingly | 0.10 |
| 8/10/22 | Cordray | Receive order granting plaintiff extension of time to respond to fees petition; diary recurring weekly appointment in anticipation of ruling on | 0.10 |

9

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| | | objection to magistrate order, which will trigger plaintiff's response deadline | |
| 1/6/23 | Cordray | Receive order overruling plaintiff's objection to magistrate ruling and calendar plaintiff's deadline to respond to motion for attorney's fees, contingent on ruling; review order on cross-motions for summary judgment and update monthly matter status tracking sheet consistent with court's findings | 0.20 |
| 1/11/23 | Cordray | Confer with P. Zimmerly regarding updated motion for attorneys fees; run time-detail report and separate time entries related to responding to magistrate order objection; revise time detail spreadsheet and preliminarily calculate totals; email to P. Zimmerly regarding same | 0.60 |

Additionally, as Plaintiff pointed out, it appears four entries contain both clerical and legal tasks. They shall be considered separately below.

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 2/25/22 | Schuster | Review plaintiff's motion to compel C. Castille deposition and production; calendar briefing on motion | 0.30 |
| 3/11/22 | Schuster | Review email from P. Zimmerly; proof response in opposition to motion to compel C. Castille deposition and production; organize exhibits and deposition testimony to accompany same | 2.40 |
| 7/12/22 | Cordray | Review order denying Plaintiff's motion to compel; calendar deadline to file motion for fees | 0.20 |
| 7/21/22 | Cordray | Telephone conference with P. Zimmerly regarding report of time entries related to defending motion to compel; format same | 0.80 |

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| | | to accompany motion for fees; create spreadsheet formulas for adjustments; quick proofread of motion, memorandum, and declaration in support of motion for fees; transmittal email to P. Zimmerly and D. Swider regarding information still needed | |

These entries contain notations about clerical tasks (calendaring deadlines, reviewing emails, organizing exhibits, inputting and organizing timesheets) and ostensibly legal tasks (proofreading briefs, motions, and affidavits). For these entries, each of those legal tasks was not only performed and billed by the paralegals, but also performed and billed by both attorneys on the case, Mr. Swider and Mr. Zimmerly. Accordingly, the Court finds that those legal tasks are duplicative of those already billed by the attorneys. Since each of these four entries contain non-recoverable clerical tasks and, now, duplicative legal tasks, each entry shall be excluded.

As a result of these exclusions, Mr. Zimmerly's 2022 hours are reduced by 0.1 hours ($38.00), and the above-listed entries submitted by paralegals Ms. Schuster and Ms. Cordray (totaling $696.00 and $642.00, respectively) are disallowed from the fee calculation.

    iii.    Unrelated Tasks

Finally, Plaintiff argues that several entries from February 25, 27, and 28, 2022 should be disallowed because they concern the motion to compel the deposition of Kelley Stacy, rather than that of Christine Castille. (Dkt. 175 at 6). In reply, Defendant maintains that although the original purpose of the discovery conference

11

held on February 28, 2022 was to discuss Ms. Stacy's potential deposition, the focus "shifted from Ms. Stacy to Plaintiff's demand to depose Ms. Castille and her motion to compel." (Dkt. 177 at 3).

Upon the Court's review of the parties' submissions related to the discovery conference held on February 28, 2022, the parties discussed both the proposed depositions of Ms. Stacy and Ms. Castille, with the bulk of that discussion focusing on the latter. Thus, only a small portion of the time billed by Defendant should be excluded.

For the discovery conference conducted on February 28, 2022, David Swider billed 2.5 hours and Philip Zimmerly billed 2.9 hours. (Dkt. 161-5). The Court finds that a reduction of 20% is reasonable for any time spent discussing Ms. Stacy's deposition. Therefore, Mr. Swider's 2022 hours shall be reduced by 0.5 hours ($250.00) and Mr. Zimmerly's 2022 hours shall be reduced by 0.58 hours ($220.40), for a total of $470.40.

### C. Application of Court Adjustments

In summary, Mr. Swider's 2022 hours shall be reduced by 0.5 hours ($250.00) and Mr. Zimmerly's 2022 hours shall be reduced by 0.68 hours ($258.40). Ms. Schuster's 2022 hours shall be reduced by 2.9 hours ($696.00). And Ms. Cordray's 2022 and 2023 hours shall be reduced by 2.2 hours ($462.00) and 0.80 hours ($180.00), respectively. After application of these adjustments, the remaining fee award is $10,679.60.

## IV. Conclusion

As outlined above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for Attorney Fees, Dkt. [139], and Defendant's Motion to Supplement Request for Attorney Fees, Dkt. [161]. Attorney fees in the amount of $10,679.60 are awarded to Defendant's counsel and shall be paid within fourteen (14) days of the date of this Order.

So ORDERED.

Date: 3/14/2023

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email